UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM DAVIS, | ) | CASE NO.  5:06CV398 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| MICHELE EBERLIN, Warden | ) | |
| | ) | |
| RESPONDENT. | ) | |

This action is before the Court upon the Report and Recommendation of Magistrate Judge Patricia A. Hemann. (Doc. No. 12.) Respondent Michele Eberlin (Respondent) has filed her objections to a portion of the Report. (Doc. No. 14.) Petitioner William Davis (Petitioner or Davis) has also filed objections to the Report, as well as a response to Respondent's objections. (Doc. No. 19.) For the reasons that follow, the Report and Recommendation is **ADOPTED**, in part, and **REJECTED**, in part. Petitioner's application for a writ of habeas corpus (Doc. No. 1) is **GRANTED**, in part.

## I.

### INTRODUCTION

On February 22, 2006, Davis filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court sentence for felonious assault. The Court referred the matter to Magistrate Judge Hemann for the preparation of a Report and Recommendation. The Magistrate Judge submitted

her Report and Recommendation on August 25, 2006.[1] In her Report, the Magistrate Judge determined that Petitioner had procedurally defaulted on his argument that his right to due process was violated when the trial court usurped the role of the jury by making findings of fact necessary to sentence him to the maximum statutory penalty. The Magistrate Judge also concluded, however, that Petitioner had demonstrated that he was denied effective assistance of appellate counsel in violation of the Sixth Amendment. Ultimately, the Magistrate Judge recommended that the Court grant Davis's petition with respect to his second ground for relief, ineffective assistance of counsel, and vacate Davis's sentence unless the State of Ohio grants Davis a direct appeal.[2]

## II.

## FACTUAL BACKGROUND

Because Petitioner and Respondent objected only to those portions of the Magistrate Judge's Report and Recommendation addressing the constitutionality of the sentence imposed, the remainder of the Report – including its account of the factual and procedural history of the case – is hereby accepted as written. Thus, the Court will only provide a brief review of the facts, as found by the state appellate court, sufficient to provide context for the asserted objections.

The record shows that Davis is the step-father of a functionally impaired young man, Edgar Vannoy. In 1998, Davis and his wife, Justine Davis, removed

---

[1] This matter was originally assigned to the docket of the Honorable James S. Gwin. The action was transferred to the docket of the Honorable Sara Lioi on March 19, 2007.
[2] In her Report, the Magistrate Judge actually recommends the vacation of Davis's conviction. Inasmuch as both assignments of error were limited to the constitutionality of the sentence imposed, the Court presumes that the Magistrate Judge intended to recommend a vacation of the sentence.

Vannoy from his government funded day school for children and adults with an IQ under 50, stating that they were moving out of state.

The family did not move, and five years later, on April 3, 2003, the police responded to Davis's home upon a report that Davis and his wife were abusing Vannoy. An evaluation of the boy by paramedics revealed that he was both emaciated and dehydrated, and in need of serious medical attention. The police arrested Davis and his wife and charged the couple with felonious assault, in violation of Ohio Rev. Code § 2903.11(A)(1), a second degree felony, and failure to provide for a functionally impaired person resulting in serious physical harm, in violation of Ohio Rev. Code § 2903.16(A), a fourth degree felony.

On August 28, 2003, a jury found Davis guilty on both counts. The trial court originally sentenced Davis to a term of eight years of imprisonment for the felonious assault conviction and eight years for failing to provide for a functionally impaired person, the sentences to be served concurrently. The court later corrected the entry of sentence to reflect the fact that "due to the merger of the offenses, the Court declines to sentence the Defendant on Count 2 […]." (Journal Entry, Oct. 1, 2003, Answer, Ex. 4.) Petitioner's eight year sentence, therefore, was for the crime of felonious assault.

At the sentencing hearing, the state court made a number of determinations that formed the basis for its decision to impose the maximum punishment permitted by statute. Specifically, and pursuant to Ohio Rev. Code §§ 2929.12 and 2929.14, the court found:

3

  (1)  heinous cruelty to a human being;
  (2)  offender showed no care or dignity to a human being; offender gave many years of abominable abuse to the victim;
  (3)  inhumane treatment of a human being;
  (4)  victim suffered serious psychological and physical harm;
  (5)  anything less would demean the seriousness of the offense;
  (6)  not to sentence the Defendant to a period of incarceration would not protect society from future crimes by the Defendant; and

  The court further finds the Defendant is not amenable to community control and that prison is consistent with the purposes of O.R.C. 2929.11.

(Journal Entry, Sept. 5, 2003, Answer, Ex. 3, p. 1.) Following the exhaustion of his state remedies, Davis sought federal habeas corpus relief.

### III.

### STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to the determinations made by the appellate state courts in Petitioner's case, this Court has a very limited scope of review. In § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state

4

court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Habeas relief is also available where the result in the state court represented a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Where a ruling in state court is "on the merits," this Court must give "deference to the state court." *McKenzie v. Smith*, 326 F.3d 721, 726 (6th Cir. 2003).

## IV.

## **LAW AND ANALYSIS**

Davis raised two claims for relief in his petition. In his first claim, Petitioner argued that:

> Petitioner's right to due process of law, as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States of America, was violated when the trial court usurped the role of the jury by making findings of fact to sentence Petitioner to the maximum penalty.

(Petition, p. 7.) The Magistrate Judge found that Petitioner had procedurally defaulted because he did not present this claim to the state appellate court. While Petitioner had pursued this claim in an appeal to the Ohio Supreme Court, the State's high court declined jurisdiction. The Magistrate Judge observed that, because "Davis did not raise his first ground for relief in the state appellate court, it is assumed that the Ohio Supreme Court refused to take jurisdiction over his appeal for that reason." (Report, p. 8.) The Magistrate Judge also found that Davis failed to show cause and prejudice to excuse the default.

In his second claim, Petitioner argued that:

5

> Petitioner's right to effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States, was violated when appellate counsel failed to raise the issue on appeal that the trial judge usurped the role of the jury by making findings of fact to sentence Petitioner to the maximum penalty.

(Petition, p. 8.) Applying the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the Magistrate Judge found that appellate counsel was, indeed, ineffective in failing to raise this issue on appeal.

Under the first prong of the *Strickland* test, the Magistrate Judge concluded that appellate counsel's performance was objectively deficient because he failed to argue that the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), rendered Petitioner's sentence, which was based upon factual determinations made exclusively by the sentencing judge, unconstitutional.[3] *See Strickland*, 466 U.S. at 687.

The Magistrate Judge also found that Petitioner established the second prong of the *Strickland* test; namely, that his counsel's deficient performance resulted in actual prejudice. *Strickland*, 466 U.S. at 687. According to the Magistrate Judge, "there is more than a reasonable probability that but for his appellate counsel's deficient performance Davis would have prevailed on appeal." (Report, p. 17.)

---

[3] While *Blakely* was decided after Petitioner's appellate brief was filed, appellate counsel had approximately one month to supplement his appeal to include this issue. The *Blakely* decision was issued on June 24, 2004. Petitioner had until July 24, 2004, the last day on which he could have filed a motion for reconsideration pursuant to Ohio App. R. 26(A), to raise the claim that Davis's sentence violated the holding in *Blakely*. The Magistrate Judge concluded that one month was ample time to "learn of a widely-publicized case; realize its implications; write what would be, at most, a three-page brief pointing out that his client's sentence ran counter to the holding in *Blakely*; and file the brief." (Report, p. 16.)

6

In reaching this conclusion, the Magistrate Judge observed that, at the time of Davis's conviction, Ohio Rev. Code § 2929.14 governed felony sentencing in Ohio. This statute provided, in part, that the sentencing court was to impose the shortest prison term allowed by statute unless it found that the offender was serving or had previously served a prior term of imprisonment or the court found "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." *See* § 2929.14(B). Had the sentencing court not engaged in judicial fact-finding and explicitly found that anything less than the maximum sentence would demean the seriousness of the crime and would not protect society from future crimes by Davis, the Magistrate Judge believed that the sentencing judge would have been compelled to impose the minimum sentence for a second degree felony of two years. *See* Ohio Rev. Code § 2929.14(A)(2). (Report, p. 18.)

### A. Procedural Default

By way of objection, Davis complains that the Magistrate Judge erred in recommending a finding that Davis had procedurally defaulted on his first assignment of error. While conceding that appellate counsel clearly erred in failing to raise the due process argument on direct appeal, Davis argues that appellate counsel's omission represents ineffective assistance of counsel that, in turn, qualifies as cause to excuse the default.

"The ineffective assistance of counsel may constitute cause for a procedural default, so long as that claim is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 466, 451-52 (2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488-89

7

(1986)). As will be discussed below, the Court agrees with the Magistrate Judge's findings that appellate counsel's failure to raise the *Blakely* sentencing issue constituted ineffective assistance of counsel. Moreover, the Court finds that Petitioner did not procedurally default on his ineffectiveness claim. Petitioner, through new counsel, raised the claim in an appeal to the Ohio Supreme Court only two months after the *Blakely* decision was issued and a mere six weeks after the state appellate court denied his direct appeal. Petitioner clearly raised this claim at the first available opportunity and he has, therefore, demonstrated sufficient cause to excuse his procedural default.[4]

### B. The Objections to the Report and Recommendation

Respondent challenges the Magistrate Judge's finding that appellate counsel was ineffective for failing to raise the *Blakely* sentencing error, taking issue with the Magistrate Judge's suggestion that "there is 'more than a reasonable probability that Davis's sentence would have been overturned' had counsel presented the *Blakely* issue to the Summit County Court of Appeals and then to the Ohio Supreme Court, because '*Blakely* invalidated Davis's sentence as unconstitutional.'" (Respondent's Objections, Doc. No. 14, p. 2 (quoting the Report, pp. 15-16)). Pointing to the "uncertainty" and "confusion" in state and federal courts in applying *Blakely* in the months and years that followed the announcement of that decision, Respondent insists that counsel's failure to argue the *Blakely* error on appeal was not objectively

---

[4] Indeed, it would be inconsistent to recognize Petitioner's ineffective assistance of counsel claim, premised on the theory that appellate counsel's performance fell below an objective standard of reasonableness when counsel failed to argue that Petitioner's sentence violated the holding of *Blakely*, and not recognize that this same ineffectiveness excused the procedural default on the first claim. Thus, the Court chooses not to adopt that portion of the Magistrate Judge's Report and Recommendation that finds a procedural default of the due process claim.

unreasonable and did not, therefore, rise to the level of ineffectiveness under *Strickland*.[5] Respondent urges the Court to find that the first prong of the *Strickland* test, objective unreasonableness, has not been met.

Indeed, Respondent argues that it was not until the Ohio Supreme Court ruled in *State v. Foster*, 109 Ohio St. 3d 1 (2006), that portions of the state sentencing statutes calling for certain findings by the trial court were unconstitutional, did Ohio have a conclusive determination as to the future of Ohio's sentencing structure in the wake of *Blakely*. As will be discussed below in greater detail, by eliminating portions of the felony sentencing statute, Ohio Rev. Code § 2929.14, that called for impermissible fact-findings, *Foster* provided that "judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." *Foster*, 109 Ohio St. 3d at 29. Because Petitioner's sentence was within the applicable available statutory range for felony assault, Respondent insists that Petitioner cannot show prejudice, the necessary second prong under *Strickland*. She further maintains that any *Blakely* error in sentencing was

---

[5] In support of this argument, Respondent notes that, "up until *State v. Foster*, 109 Ohio St. 3d 1 (2006), which finally applied *Blakely* to invalidate portions of Ohio's sentencing guidelines, *Blakely* application was in considerable flux in the Ohio courts." (*Id.* at 2.)

harmless. *See Washington v. Recuenco*, 548 U.S. 212 (2006) (*Blakely* errors are subject to the harmless error standard).

In a similar vein, Respondent urges this Court to find that the Ohio Supreme Court's December 1, 2004 decision to deny Petitioner leave to appeal the *Blakely* violation was not contrary to nor represented an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(1). Respondent notes:

> The fact that the Ohio Supreme Court later ruled in *Foster* that the decision was wrong is not relevant to determining whether it was an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States. This federal court should find that, in light of the confusion and uncertainty surrounding *Blakely* in 2004 (when Davis's direct appeal was in the state courts) that [sic] the decision of the state courts cannot be considered unreasonable.

(Respondent's Objections, p. 6.)

Petitioner, in contrast, embraces the Magistrate Judge's conclusion that counsel was ineffective for failing to raise the *Blakely* sentencing issue on appeal. Petitioner's "objection," however, comes in the form of a preemptive strike upon the law to be applied to his anticipated resentencing. Specifically, Petitioner argues that the Ohio Supreme Court's decision in *Foster*, and its "severance remedy" designed to bring Ohio Rev. Code § 2929.14 into compliance with *Blakely*, should not govern his resentencing. It is Petitioner's position that, under the version of Ohio Rev. Code § 2929.14(B) in effect at the time of his sentencing, he was entitled to the minimum prison term available for a second degree felony. He argues that application of *Foster* to his resentencing would expose him to a sentence well beyond the statutory minimum for the crime of felonious

10

assault, and would "contravene[] the Ex Post Facto and Due Process Clauses of the United States Constitution." (Petitioner's Objections, p. 11.)

### C. Rulings on the Objections

Since the objections raised by both Petitioner and Respondent address the propriety of resentencing and speak to the standard to be applied should the Court find resentencing necessary, they will be addressed together. At the time of Petitioner's sentencing, Ohio Rev. Code § 2929.14(B) provided, in part, that:

> the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this subsection, unless one or more of the following applies:
>
> (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> (2) The Court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.

The crime of felonious assault was categorized as a felony of the second degree and, under § 2929.14(A)(1), carried with it a determinate prison term of two, three, four, five, six, seven, or eight years. There is no evidence in the record that Petitioner had previously served a term of imprisonment. Therefore, without making the determination that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public, the maximum sentence which could have been imposed was two years. *See* § 2929.14(B).

It is clear, however, that the sentencing judge made this additional determination. Specifically, the sentencing court found under § 2929.14(B)(2) that the

11

shortest prison term would demean the seriousness of Petitioner's conduct and would not adequately protect the public from future crimes by Petitioner. (Journal Entry, Sept. 5, 2003, Answer, Ex. 3, p. 1.) Both the Magistrate Judge and Petitioner would suggest that this finding violated *Blakely*.

In *Blakely*, the United States Supreme Court struck down a Washington sentencing statute that permitted a judge to impose a sentence beyond the statutory maximum upon its own findings of certain facts as a violation of the Sixth Amendment right to a jury trial. In so ruling, the Supreme Court noted that it was reaffirming and expounding upon its prior holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that any fact that increases a penalty beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. *Blakely*, 542 U.S. at 301.

The announcement in *Blakely* led to a flurry of activity, wherein courts at both the federal and state level grappled with the proper application of *Blakely* to a vast array of sentencing statutes in effect across the country. With respect to the sentencing statutes in Ohio, Respondent is correct in noting that the state appellate courts issued confusing and often inconsistent decisions on the validity of Ohio Rev. Code § 2929.14 and other Ohio sentencing statutes in the wake of *Blakely*.

It was not until the Ohio Supreme Court announced its decision in *Foster* on February 27, 2006, that Ohio courts had a clear answer as to the future of Ohio's sentencing statutes. The court in *Foster* began by noting that, under *Blakely*, certain aspects of the Ohio's sentencing plan were unconstitutional because they required

12

sentencing judges to "make specific findings before imposing a sentence beyond that presumed solely by a jury verdict or admission of a defendant." *Foster*, 109 Ohio St. 3d at 489. Applying this general ruling to the presumptive minimum prison term set forth in the felony sentencing statute, found at § 2929.14(B), and noting that a sentencing judge was not permitted to exceed the minimum prison term available without making at least one of two judicial findings, the court concluded that § 2929.14(B) violated *Blakely*.

The court in *Foster* next wrestled with the question of what was the best way to bring Ohio's sentencing statutes into compliance with *Blakely*. After rejecting the options of jury involvement in sentencing and simply interpreting the sentencing statutes as imposing only the minimum penalties available, the court settled on the remedy of severance.[6]

Putting this remedy into effect, the court in *Foster* identified every judicial consideration that it believed required an impermissible fact-finding and severed and excised the entire provision containing the offending language. With respect to § 2929.14(B), the court eliminated the entire provision, including both the presumptive minimum and the judicial inquiry into the seriousness of the acts.[7] After severing and excising all offending language, including the whole of § 2929.14(B), the court concluded that "judicial factfinding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the

---

[6] The court also noted that the second option would "prevent maximum sentences, consecutive sentences and enhanced penalties such as repeat violent offender and major drug offender prison sentences because all require judicial fact-finding." *Foster*, 109 Ohio St. 3d at 26.

[7] In total, the Ohio Supreme Court severed from the Ohio statutory sentencing scheme the following provisions: Ohio Rev. Code §§ 2929.14(B), 2929.14(D)(2)(b) and (D)(3)(b), 2929.14(E)(4), 2929.19(B)(2), and 2929.41, 2953.08(G). *Id*. at 29.

defendant." *Foster*, 109 Ohio St. 3d at 29. Courts interpreting the ruling in *Foster* have observed that "sentencing judges are [now] free to impose any sentence within the applicable statutory range without the need to make any specific judicial findings." *Shafer v. Wilson*, 2007 U.S. Dist. LEXIS 6597, *32 (N.D. Ohio Jan. 30, 2007).

While the decision in *Foster* dramatically changed the sentencing landscape in Ohio, the retroactivity of that holding, however, was limited to those cases on direct review. *Foster*, 109 Ohio St. 3d at 31. Petitioner's sentence was final on July 14. 2004. *Foster* was not decided until more than a year and one half later. Therefore, *Foster* is inapplicable.[8] *See e.g., Perry v. Money*, 2007 U.S. Dist. LEXIS 55342 (N.D. Ohio July 31, 2007).

Petitioner's sentence is, however, subject to the holding in *Blakely* because Petitioner's sentence was still on direct review when *Blakely* was decided in June 2004. While appellate counsel failed to timely raise the *Blakely* error on appeal, the Court agrees with the Magistrate Judge's conclusion that this omission was the result of ineffective assistance of counsel.

In so ruling, the Court overrules Respondent's objection regarding the "uncertainty" and "confusion" of the courts in Ohio before the announcement in *Foster*. The timing of the Ohio Supreme Court's ruling in *Foster* is immaterial to the determination of whether *Blakely* applies to the present case. *See Emrick v. Wolfe*, 206

---

[8] While Respondent argues harmless error upon an application of *Foster*, Respondent also maintains that "re-sentencing under *Foster* is not available to Davis." (Respondent's Objections, p. 3.)

14

U.S. Dist. LEXIS 88546, *2 (S.D. Ohio Dec. 5, 2006); *Friley v. Wolfe*, 2006 U.S. Dist. LEXIS 85499, *2-*3 (S.D. Ohio Nov. 27, 2006).

Further, "regardless of any lack of consensus or struggle by the state or federal courts to apply *Blakely*," the Ohio Supreme Court's failure to address the issue in Petitioner's subsequent discretionary appeal was clearly based upon legal interpretations that were "contrary to or an unreasonable application of clearly established law, as determined by the United States Supreme Court […]." *Emrick*, 2006 U.S. Dist. LEXIS 88546, *3. Moreover, counsel's failure to raise the *Blakely* error constituted performance that fell below an objective standard of reasonableness. *See e.g., Crotts v. Bradshaw*, 2007 U.S. Dist. LEXIS 79044, *55 (N.D. Ohio Oct. 23, 2007).

The question becomes, however, how to apply *Blakely* to Petitioner's case. In *Blakely,* the U.S. Supreme Court applied the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and held that:

> [T]he "statutory maximum" […] is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant* […]. In other words, the relevant "statutory maximum" is the maximum sentence a judge may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment" […], and the judge exceeds his proper authority.

*Blakely*, 542 U.S. at 303-304 (emphasis in original; internal citations omitted).

The Magistrate Judge and Petitioner urge a finding that the consideration of whether a minimum sentence would demean the seriousness of the offense or whether the public would be protected by such a sentence involves impermissible judicial fact-finding prohibited by *Blakely*. Eliminating these offending

15

judicial conclusions, and noting that Petitioner had never previously served a term of imprisonment, both the Magistrate Judge and Petitioner insist that the "statutory maximum" sentence available for Petitioner was the minimum sentence allowed for second degree felonies; namely, two years.

The Court cannot agree. Consideration of the egregiousness of a particular offender's misconduct and a determination of whether the length of a sentence will adequately protect the public are inquires that have traditionally been reserved for a sentencing judge. While juries are expected to determine whether the facts prove beyond a reasonable doubt the essential elements of any particular charged offense, the sentencing judge has always been called upon to take various aggravating and mitigating factors into consideration in crafting a sentence that serves the goals of justice.

Indeed, the Supreme Court has had a chance to consider the continued propriety of such an analysis following the announcement of the decision in *Blakely*. In *United States v. Booker*, 543 U.S. 220 (2005), the Court considered whether the Federal Sentencing Guidelines were unconstitutional, in light of *Blakely*. In particular, the Court considered whether 18 U.S.C. § 3553(a), which requires a sentencing court to consider a variety of factors in imposing a sentence, ran afoul of *Blakely*. These factors, which bear a striking resemblance to the factors contained in Ohio Rev. Code § 2929.14(B), include: "the need for the sentence imposed – to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; [and] to protect the public from future crimes of the defendant […]." 18 U.S.C. § 3553(a)(2) (internal citations omitted).

The Court in *Booker* concluded that such an analysis did not require a sentencing judge to engage in impermissible judicial fact-finding. In so ruling, the Court stressed the importance of allowing a sentencing judge to consider the actual conduct of the particular defendant that stood before him to ensure uniformity between "sentences and real conduct[…]."[9] *Id.* at 254. *See also Gall v. United States*, _ U.S. _, 128 S.Ct. 586 (2007) (a sentencing judge was entitled to consider the fact that a defendant had withdrawn from the drug enterprise, along with the fact that his behavior subsequent to withdrawing demonstrated growth and maturity, in imposing a downward departure from the guidelines.)

Not only did the Court in *Booker* determine that such an analysis was proper, it warned that to rule otherwise would "weaken the ties between a sentence and the offender's real conduct. It would thereby undermine the sentencing statute's basic aim of ensuring similar sentences for those who have committed similar crimes in similar ways." *Id.* at 253.

The same analysis employed in *Booker* can be applied to Ohio Rev. Code § 2929.14(B). Under this statutory provision, a sentencing judge is asked merely to consider the actual conduct of the offender to ensure that the sentence imposed reflects the severity of the acts committed and adequately protects the public. It cannot be

---

[9] Drawing upon hypothetical examples, the Court explained that it was possible for two individuals to have committed the same offense and, yet, have engaged in conduct that warranted different sentences. "Imagine Smith and Jones, each of whom violates the Hobbs Act in very different ways. [] Smith threatens to injure a co-worker unless the co-worker advances him a few dollars from the interstate company's till; Jones, after similarly threatening the co-worker, causes far more harm by seeking far more money, by making certain that the co-worker's family is aware of the threat, by arranging for deliveries of dead animals to the co-worker's home to show he is serious, and so forth. The offenders' behavior is very different; the known harmful consequences of their actions are different; their punishments both before, and after, the Guidelines would have been different." *Id.* at 252.

said that such an inquiry amounts to impermissible judicial fact-finding. As such, the Court finds that the sentencing judge did not violate *Blakely* when it considered the factors set forth in § 2929.14(B) in imposing more than the minimum sentence for a second degree felony.[10]

Nonetheless, a remand for resentencing is necessary because the sentencing judge did engage in impermissible fact-finding under *Blakely*. As discussed above, the trial judge relied on several findings in imposing the maximum sentence allowed for a second degree felony. Of these findings, four of them appear to represent determinations that should have been left to the jury as the trier of fact. These impermissible findings include: "heinous cruelty to a human being; offender showed no care or dignity to a human being; offender gave many years of abominable abuse to the victim; [and the] victim suffered serious psychological and physical harm." (Journal Entry, p. 1.)

It is unclear what impact these findings had on the severity of the sentence imposed by the trial judge. Therefore, the Court is unable to conclude that, absent unconstitutional fact-findings by the sentencing court, the same sentence would have been imposed. Consequently, Respondent's harmless error objection must be overruled. *See e.g., Jordan v. Timmerman-Cooper*, 2007 U.S. Dist. LEXIS 67052, *29

---

[10] The Court is aware that other district courts have concluded that Ohio Rev. Code § 2929.14(B) violates *Blakely. See Perry v. Money*, 2007 U.S. Dist. LEXIS 55342 (N.D. Ohio July 31, 2007); *Emrick v. Wolfe*, 2006 U.S. Dist. LEXIS 88546 (S.D. Ohio Dec. 5, 2006).

(S.D. Ohio Sept. 11, 2007); *Perry*, 2007 U.S. Dist. LEXIS 55342, *35-*36; *Villagarcia v. Warden*, 2007 U.S. Dist. LEXIS 23796, *18 (Mar. 30, 2007).

## V.

### CONCLUSION

For the above stated reasons, the Magistrate's Report and Recommendation is hereby **ADOPTED**, in part, and **REJECTED**, in part. The portions of the Report that find a procedural default on the due process claim and recommend that Petitioner's conviction for felonious assault be vacated unless the State grants Davis a direct appeal within 90 days are **REJECTED.** Additionally, the recommendation that the Court find that consideration of the factors in Ohio Rev. Code § 2929.14(B) rendered the sentence unconstitutional is **REJECTED**. The remainder of the Report is **ADOPTED**. Further, the Court **CONDITIONALLY GRANTS** a writ of habeas corpus as to Petitioner's claim that his sentence violated *Blakely* and his claim that his appellate counsel was ineffective for failing to raise Petitioner's *Blakely* claim. The Court directs the State of Ohio to resentence Petitioner in accordance with this Memorandum Opinion within ninety (90) days of this decision, or, if an appeal is taken from the Court's ruling, within ninety (90) days from the resolution of the appeal (provided that this Court's determination stands), or release him.

**IT IS SO ORDERED**.

Dated: March 3, 2008

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**